**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAVID MOWDER<br>7920 San Felipe Blvd., Apt. 1001<br>Austin, TX 78729,<br><br>     Plaintiff,<br><br>-vs-<br><br>PERMANENT GENERAL ASSURANCE<br>CORPORATION OF OHIO<br>9700 Rockside Rd., Suite 250<br>Valley View, OH 44125,<br><br>THE GENERAL AUTOMOBILE<br>INSURANCE COMPANY, INC.<br>c/o Josephine V. Prokop, its statutory agent<br>9700 Rockside Rd., Suite 260<br>Valley View, OH 44125,<br><br>PERMANENT GENERAL COMPANIES,<br>INC.<br>c/o CT Corporation System, its registered agent<br>1300 East Ninth Street<br>Cleveland, OH 44114,<br><br>PERMANENT GENERAL ASSURANCE<br>CORPORATION<br>c/o Josephine V. Prokop, its statutory agent<br>9700 Rockside Rd., Suite 260<br>Valley View, OH 44125,<br><br>THE GENERAL AUTOMOBILE<br>INSURANCE SERVICES OF OHIO, INC.<br>c/o CT Corporation System, its registered agent<br>1300 East Ninth Street<br>Cleveland, OH 44114, | **CASE NO.**<br><br>**JUDGE**<br><br><br><br><br><br>**COMPLAINT**<br><br>**JURY DEMAND ENDORSED<br>HEREON** |

1

| | |
|---|---|
| THE GENERAL AUTOMOBILE | ) |
| INSURANCE SERVICES, INC. | ) |
| c/o CT Corporation System, its registered agent | ) |
| 1300 East Ninth Street | ) |
| Cleveland, OH 44114, | ) |
| | ) |
| PGA SERVICE CORPORATION | ) |
| 2636 Elm Hill Pike, Suite 510 | ) |
| Nashville, TN 37214, | ) |
| | ) |
| THE GENERAL AUTOMOBILE | ) |
| INSURANCE SERVICES OF TEXAS, INC. | ) |
| 2636 Elm Hill Pike, Suite 510 | ) |
| Nashville, TN 37214, | ) |
| | ) |
| THE GENERAL AUTOMOBILE | ) |
| INSURANCE SERVICES OF LOUISIANA, | ) |
| INC. | ) |
| 2636 Elm Hill Pike, Suite 510 | ) |
| Nashville, TN 37214, | ) |
| | ) |
| THE GENERAL AUTOMOBILE | ) |
| INSURANCE SERVICES OF GEORGIA, | ) |
| INC. | ) |
| 2636 Elm Hill Pike, Suite 510 | ) |
| Nashville, TN 37214, | ) |
| | ) |
| *and* | ) |
| | ) |
| PGC HOLDINGS CORP. | ) |
| c/o The Corporation Trust Company | ) |
| Corporation Trust Center | ) |
| 1209 Orange Street | ) |
| Wilmington, DE 19801 | ) |
| | ) |
| Defendants. | ) |

Plaintiff, David Mowder ("Plaintiff" or "Mr. Mowder"), for his Complaint against Defendants – (1) Permanent General Assurance Corporation of Ohio; (2) The General Automobile Insurance Company, Inc.; (3) Permanent General Companies, Inc.; (4) Permanent General Assurance Corporation; (5) The General Automobile Insurance Services of Ohio, Inc.; (6) The General Automobile Insurance Services, Inc.; (7) PGA Service Corporation; (8) The

2

General Automobile Insurance Services of Texas, Inc.; (9) The General Automobile Insurance Services of Louisiana, Inc.; (10) The General Automobile Insurance Services of Georgia, Inc. and (11) PGC Holdings Corp. (with the aforementioned eleven defendants collectively referred to herein as "Permanent General") – alleges as follows:

### Nature of Action

1. This is an action asserting federal copyright infringement by Permanent General of an original, copyrighted drawing created and owned by Mr. Mowder ("Copyrighted Drawing").

2. A true and accurate copy of the Copyrighted Drawing is attached hereto as Exhibit A.

3. A true and accurate copy of the Certificate of Registration for the Copyrighted Drawing is attached hereto as Exhibit B. The Registration Number for the Copyrighted Drawing is VA 1-835-728. The title of the work of the Copyrighted Drawing owned by Mr. Mowder is "The General."

4. On a daily basis, and on a massive scale, Permanent General infringes the Copyrighted Drawing created and owned by Mr. Mowder.

### Parties and Jurisdiction

5. Mr. Mowder is an individual having a residence at 7920 San Felipe Blvd., Apt. 1001, Austin, TX 78729. When Mr. Mowder created the Copyrighted Drawing, Mr. Mowder resided in Ohio.

6. Mr. Mowder is an illustrator and cartoonist who – among other works and types of projects – designs, illustrates, and creates a variety of drawings and renderings of characters similar to the Copyrighted Drawing. Mr. Mowder established and maintains a positive

reputation for creating cartoon characters for various companies, including Warner Brothers Looney Tunes among others.

7. Permanent General Assurance Corporation of Ohio is an Ohio for-profit corporation having a principal place of business of 9700 Rockside Rd., Suite 250, Valley View, OH 44125.  Permanent General Assurance Corporation of Ohio transacts business in Ohio and is properly subject to personal jurisdiction in Ohio.  Upon information and belief, Permanent General Assurance Corporation of Ohio is the parent company of The General Automobile Insurance Company, Inc.

8. The General Automobile Insurance Company, Inc. is an Ohio for-profit corporation which transacts business in Ohio and is properly subject to personal jurisdiction in Ohio.

9. Permanent General Companies, Inc. is a Tennessee for-profit corporation who is registered and authorized to transact business in Ohio.  Upon information and belief, Permanent General Companies, Inc. is the parent company of Permanent General Assurance Corporation, an Ohio for-profit corporation.  Upon information and belief, Permanent General Companies, Inc. does in fact transact business in Ohio, maintains sufficient minimum contacts with Ohio, and is properly subject to personal jurisdiction in Ohio.

10. Permanent General Assurance Corporation is an Ohio for-profit corporation having, upon information and belief, a principal place of business of 9700 Rockside Rd., Suite 250, Valley View, OH 44125.  Permanent General Assurance Corporation transacts business in Ohio and is properly subject to personal jurisdiction in Ohio.

11. The General Automobile Insurance Services of Ohio, Inc. is an Ohio for-profit corporation which transacts business in Ohio and is properly subject to personal jurisdiction in

Ohio.  Upon information and belief, The General Automobile Insurance Services of Ohio, Inc. is a subsidiary company of PGA Service Corporation (itself a subsidiary of both Permanent General Companies, Inc. and Permanent General Assurance Corporation).

12. The General Automobile Insurance Services, Inc. is a California corporation who is registered and authorized to transact business in Ohio.  Upon information and belief, Permanent General Companies, Inc. does in fact transact business in Ohio, maintains sufficient minimum contacts with Ohio, and is properly subject to personal jurisdiction in Ohio.  Upon information and belief, The General Automobile Insurance Services, Inc. is a subsidiary company of PGA Service Corporation (itself a subsidiary of both Permanent General Companies, Inc. and Permanent General Assurance Corporation).

13. PGA Service Corporation is a Tennessee for-profit corporation.  Upon information and belief, PGA Service Corporation transacts business in Ohio, maintains sufficient minimum contacts with Ohio, and is properly subject to personal jurisdiction in Ohio.  Upon information and belief, PGA Service Corporation is a subsidiary company of both Permanent General Companies, Inc. and Permanent General Assurance Corporation.

14. The General Automobile Insurance Services of Texas, Inc. is a Texas for-profit corporation.  Upon information and belief, The General Automobile Insurance Services of Texas, Inc. transacts business in Ohio, maintains sufficient minimum contacts with Ohio, and is properly subject to personal jurisdiction in Ohio.  Upon information and belief, The General Automobile Insurance Services of Texas, Inc. is a subsidiary company of PGA Service Corporation (itself a subsidiary of both Permanent General Companies, Inc. and Permanent General Assurance Corporation).

15. The General Automobile Insurance Services of Louisiana, Inc. is a Louisiana for-profit corporation. Upon information and belief, The General Automobile Insurance Services of Louisiana, Inc. transacts business in Ohio, maintains sufficient minimum contacts with Ohio, and is properly subject to personal jurisdiction in Ohio. Upon information and belief, The General Automobile Insurance Services of Louisiana, Inc. is a subsidiary company of PGA Service Corporation (itself a subsidiary of both Permanent General Companies, Inc. and Permanent General Assurance Corporation).

16. The General Automobile Insurance Services of Georgia, Inc. is a Georgia for-profit corporation. Upon information and belief, The General Automobile Insurance Services of Georgia, Inc. transacts business in Ohio, maintains sufficient minimum contacts with Ohio, and is properly subject to personal jurisdiction in Ohio. Upon information and belief, The General Automobile Insurance Services of Georgia, Inc. is a subsidiary company of PGA Service Corporation (itself a subsidiary of both Permanent General Companies, Inc. and Permanent General Assurance Corporation).

17. PGC Holdings Corp. is a Delaware Corporation. Upon information and belief, PGC Holdings Corp. is the parent company for – and shares common officers, directors and shareholders with – each and every one of the entities listed in Paragraphs 7 through 16 of this Complaint. Upon information and belief, PGC Holdings Corp. transacts business in Ohio, maintains sufficient minimum contacts with Ohio, and is properly subject to personal jurisdiction in Ohio.

18. Permanent General and its other affiliated companies transacting business elsewhere throughout the United States represent to the public that they operate as one brand: The General.

19. Upon information and belief, the entities listed in Paragraphs 7 through 17 of this Complaint were engaged in business at all times relevant hereto with and through one another, or as agents for, or alter egos of, one another. Upon information and belief, additional entities affiliated with the Permanent General family may be subject to personal jurisdiction in Ohio and liable to Mr. Mowder for copyright infringement to the same degree as those entities listed in Paragraphs 7 through 17 of this Complaint.

20. Upon information and belief, Permanent General displays copies of the Copyrighted Drawing (and adaptations and derivatives thereof) via numerous outlets, including but not limited to television advertisements (displayed by Permanent General in Ohio and elsewhere; and viewed by persons located within Ohio and elsewhere) and the Internet (uploaded by Permanent General and viewed by persons located within Ohio and elsewhere).

21. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (jurisdiction over copyright actions), in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to copyrights designed to protect creators of original works, such as the Copyrighted Drawing created and owned by Mr. Mowder.

22. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

## Facts

23. Mr. Mowder is the creator and owner of all exclusive rights in the Copyrighted Drawing. A substantial portion of the events and omissions giving rise to the claims asserted by Mr. Mowder herein – and relating to his exclusive rights in the Copyrighted Drawing – occurred in this Judicial District.

24. Permanent General has infringed, and continues to infringe, all of the exclusive rights in the Copyright Drawing owned by Mr. Mowder.

25. On or about June 1998, Mr. Mowder created the Copyrighted Drawing as an independent contractor.

26. The Copyrighted Drawing contains material wholly original with Mr. Mowder in its creation, selection, and/or arrangement and is copyrightable subject matter under the laws of the United States.

27. In addition to the Copyrighted Drawing, at and around the time Mr. Mowder created the Copyrighted Drawing, Mr. Mowder also created adaptations and derivatives of the Copyrighted Drawing; these adaptations and derivatives are identical and/or nearly identical to renderings utilized by Permanent General – illegally and in violation of the exclusive rights owned by Mr. Mowder in the Copyrighted Drawing – as the centerpiece of Permanent General's advertising, marketing, and corporate branding strategy.

28. Mr. Mowder did not create the Copyrighted Drawing as a "work made for hire" as that phrase is defined in 17 U.S.C. § 101.

29. At the time Mr. Mowder created the Copyrighted Drawing, ownership of the exclusive rights set forth in 17 U.S.C. § 106 (incorporated by reference herein) immediately vested in Mr. Mowder. At no time did Mr. Mowder sign over, waive, or in any way transfer these exclusive rights in the Copyrighted Drawing, which include but are not limited to the exclusive right to do and to authorize the following:

    a. reproduce copies of the Copyrighted Drawing;

    b. prepare derivative works based upon the Copyrighted Drawing; *and*

      c.    distribute copies of the Copyrighted Drawing to the public by sale or other transfer of ownership, or by rental, lease, or lending.

30. Mr. Mowder created the Copyrighted Drawing for the limited purpose of helping Permanent General (f/k/a A1 General Insurance Agency) promote its 1998 summer picnic (the "Limited Project").

31. After its summer picnic in 1998, Permanent General unlawfully appropriated, and began extensively using, the Copyrighted Drawing (including adaptations and derivative works thereof) in its national advertising campaign without Mr. Mowder's permission and in violation of all applicable copyright laws.

32. At no time did Permanent General, or anyone else, request permission from Mr. Mowder to display or in any way use the Copyrighted Drawing for purposes beyond the Limited Project.

33. At no time did Permanent General, or anyone else, request permission from Mr. Mowder to create any adaptations or derivatives based on the Copyrighted Drawing.

34. At no time did Permanent General inform Mr. Mowder that it intended to utilize copies of the Copyrighted Drawing – in addition to adaptations and derivatives of the Copyrighted Drawing – for purposes of future marketing, advertising and corporate branding.

35. Since unlawfully appropriating the Copyrighted Drawing, Permanent General has utilized the Copyrighted Drawing, along with adaptations and derivatives, to market and advertise insurance products for sale to the public. The renderings created and used by Permanent General in violation of Mr. Mowder's exclusive rights in the Copyrighted Drawing are, beyond coincidence, strikingly similar to the wholly original Copyrighted Drawing owned by Mr. Mowder.

36. Apart from Mr. Mowder, neither Permanent General, nor anyone else, owns any rights in the Copyrighted Drawing.

**Notice of Anticipatory Declaratory Judgment Suit filed
by Permanent General Assurance Corporation of Ohio in Texas**

37. Mr. Mowder incorporates the allegations contained in Paragraphs 1 through 38 above as if completely rewritten herein.

38. On November 14, 2012, Mr. Mowder sent a demand letter to Permanent General informing Permanent General of its infringement of the Copyrighted Drawing. In the demand letter, Mr. Mowder advised Permanent General that if settlement was not reached between the parties before the close of business on December 7, 2012, undersigned counsel was authorized to proceed with litigation in federal court to recover all damages suffered by Mr. Mowder as a result of Permanent General's infringement of the Copyrighted Drawing.

39. Rather than exploring the possibility of pre-litigation settlement, Permanent General rushed to the courthouse to file a premature, anticipatory declaratory judgment action against Mr. Mowder in the United States District Court for the Northern District of Texas. *See Permanent General Assurance Corporation of Ohio v. David Mowder*, Case No. 3:12-cv-5018 in the United States District Court, Northern District of Texas (the "Anticipatory Declaratory Judgment Suit"). The Anticipatory Declaratory Judgment Suit addresses the same events and issues as this Complaint and was filed on December 6, 2012.

40. The Anticipatory Declaratory Judgment Suit is improperly venued.

41. The Anticipatory Declaratory Judgment Suit is an anticipatory declaratory judgment action which constitutes an exception to the first-filed rule, providing generally that when two identical actions are filed in courts of concurrent jurisdiction, the court that first acquired jurisdiction should try the lawsuit.

42. Given that it lacks merit, Mr. Mowder is moving for an Order which dismisses the Anticipatory Declaratory Judgment Suit or transfers the Anticipatory Declaratory Judgment Suit to this Court, given that the Northern District of Ohio is a proper forum.

## **COUNT I – COPYRIGHT INFRINGEMENT**

43. Mr. Mowder incorporates the allegations contained in Paragraphs 1 through 42 above as if completely rewritten herein.

44. Permanent General has violated, and continues to violate, the exclusive rights held by Mr. Mowder in the Copyrighted Drawing and is therefore an infringer of the Copyrighted Drawing.

45. A side-by-side comparison of the Copyrighted Drawing (including adaptations and derivatives created by Mr. Mowder) with infringing works utilized by Permanent Generally clearly demonstrates that Permanent General is directly and willfully infringing Mr. Mowder's exclusive rights in the Copyrighted Drawing.

46. The conduct of Permanent General constitutes direct and willful infringement of the Copyrighted Drawing. Permanent General is continuing to infringe the Copyrighted Drawing and is committing such infringement deliberately and willfully despite notice from Mr. Mowder that their actions infringed upon the exclusive rights of Mr. Mowder.

47. Mr. Mowder has suffered compensable injury as the result of Permanent General's past acts of infringement. However, Mr. Mowder is suffering irreparable harm that is ongoing in nature, due to the continuing acts of infringement by Permanent General, for which he is without adequate remedy at law to redress. Said continued and improper infringement should be enjoined by this Court to prevent future injury and damage to Mr. Mowder.

48. As a result of its unlawful infringement of, and profiteering from, the Copyrighted Drawings (and adaptations and derivatives thereof), Permanent General is liable to Mr. Mowder for damages pursuant to 17 U.S.C § 504, including actual damages suffered by Mr. Mowder and any profits of Permanent General that are attributable to its infringement of the Copyrighted Drawing that are not taken into account in computing Mr. Mowder's actual damages.

49. Since unlawfully appropriating the Copyrighted Drawing for marketing and advertising purposes, Permanent General has witnessed its company and national presence in its industry grow.

50. Upon information and belief, Permanent General's gross revenue and profits attributable to its infringement of the Copyrighted Drawing is well in excess of $10 million, in an amount not yet determined but to be demonstrated at trial.

WHEREFORE, Mr. Mowder requests that the Court enter judgment in his favor and against Permanent General as follows:

(a) On Count I of the Complaint, that Permanent General pay Mr. Mowder such damages as are available under 17 U.S.C. § 501 *et seq.* as Mr. Mowder has sustained by reason of the copyright infringement, including but not limited to: (1) injunctive relief under 17 U.S.C. § 502 to prevent and restrain the infringement of Mr. Mowder's exclusive rights in the Copyrighted Drawing, (2) the impounding, disposition, and destruction of all infringing material made or used by Permanent General in violation of Mr. Mowder's exclusive rights in the Copyrighted Drawing under 17 U.S.C. § 503, and (3) actual damages and any additional gross revenues and profits of Permanent General under 17 U.S.C. § 504.

(b) That an injunction be issued against Permanent General, its officers, directors, agents, employees and all persons in privity or acting in concert with them, to be enjoined and restrained from further infringing and profiting from the Copyrighted Drawing owned by Mr. Mowder.

(c) Such other and further relief as deemed just and proper.

Respectfully submitted,

*/s/ Christopher B. Congeni*
Christopher B. Congeni (#0078160)
Chad R. Rothschild (#0088122)
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, Ohio   44308
(330) 253-5060
(330) 253-1977 (fax)
cbcongeni@bmdllc.com
crothschild@bmdllc.com
*Counsel for Plaintiff, David Mowder*

## DEMAND FOR A JURY TRIAL

Mr. Mowder hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Christopher B. Congeni*
Christopher B. Congeni (#0078160)
Chad R. Rothschild (#0088122)
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, Ohio   44308
(330) 253-5060
(330) 253-1977 (fax)
cbcongeni@bmdllc.com
crothschild@bmdllc.com
*Counsel for Plaintiff, David Mowder*