UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| DAVID MOWDER, | : | CASE NO. 1:13-CV-00082 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Docs. 21, 27, 29, 30] |
| PERMANENT GENERAL ASSURANCE. | : | |
| CORPORATION OF OHIO, *et al.*, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This case is a copyright action that has been complicated by a bankruptcy. Plaintiff David Mowder says that he owns the copyright to a cartoon character—"the General"[1]—and that Defendants[2] have used the character in their advertisements without his authorization or permission.[3] After Defendants filed a motion to dismiss the case, Mowder reopened a previously closed bankruptcy petition, which triggered an automatic stay of this case.[4] Mowder's bankruptcy trustee, Ron Satija, has intervened as a real party in interest.[5] Before the Court now are Defendants' motions to dismiss, for judgment on the pleadings, and to disqualify the Trustee's counsel as well

---

[1] *See, e.g.*, Karate Commercial |video |The General Auto Insurance, www.thegeneral.com/commercials/karate-blackbelt/ (last visited Oct. 18, 2013)

[2] The complete list of Defendants is Permanent General Companies, Inc., Permanent General Assurance Corporation of Ohio, Permanent General Assurance Corporation, PGA Service Corporation, PGC Holdings Corp., General Automobile Insurance Company, Inc., General Automobile Insurance Services of Ohio, Inc., General Automobile Insurance Services, Inc., General Automobile Insurance Services of Texas, Inc., General Automobile Insurance Services of Louisiana, Inc., and General Automobile Insurance Services of Georgia, Inc. The Court will refer to them collectively as Defendants or Permanent General.

[3] Doc. 1.
[4] Docs. 24, 25.
[5] Doc. 28.

Case No. 1:13-CV-00082
Gwin, J.

as the Trustee's motion to deny Defendants' motion to dismiss.[6] For the reasons that follow, the Court **DENIES** Defendants' motions to dismiss, for judgment on the pleadings, and to disqualify the Trustee's counsel and **DENIES AS MOOT** the Trustee's motion to deny the motion to dismiss.

### I. Factual and Procedural Background

Plaintiff David Mowder says that in 1998 and while living in Northeast Ohio, he created the cartoon character "the General" while acting as an independent contractor for Defendants Permanent General.[7] He says he created the character for the limited purpose of helping Permanent General promote their 1998 summer picnic.[8] However, he says that after 1998 and without his permission or authorization, Permanent General began to use the character in their advertisements.[9] Defendant Permanent General generally says Mowder did not create the character and that Mowder assigned any right he had in the design to the advertising agency that hired Mowder.[10]

On July 31, 2012, after moving to the Western District of Texas, Plaintiff and his wife filed for bankruptcy under Chapter 7 of the Bankruptcy Code.[11] The bankruptcy court appointed Ron Satija the trustee of their estate.[12] In their bankruptcy petition, Plaintiff did not say that he owned any copyrights or other intellectual property.[13] On November 2, 2012, the case was closed.[14]

On October 31, 2012—while Plaintiff's bankruptcy petition was still pending—Plaintiff

---

[6] Docs. 21, 27, 29, 30.
[7] Doc. 1 at ¶¶ 5, 25.
[8] *Id.* at ¶ 30.
[9] *Id.* at ¶¶ 29, 31-35.
[10] Doc. 22 at ¶¶ 21-28 (Counterclaim).
[11] Doc. 24 at 1.
[12] *Id.*
[13] Doc. 21-2 at 19.
[14] Doc. 24 at 1.

Case No. 1:13-CV-00082
Gwin, J.

submitted a copyright registration application for "the General" through counsel.[15] On November 5, 2012, the Copyright Office approved the registration of the copyright.[16]

On January 11, 2013, less than six months after Mowder failed to schedule the copyright to the bankruptcy court, Plaintiff filed this lawsuit against Permanent General.[17] He seeks actual damages and disgorgement of profits, an injunction against Defendants' future use of the character, and destruction of all infringing material bearing the character.[18] The same counsel who submitted Plaintiff's copyright registration represented Plaintiff in this case.[19]

On February 11, 2013, Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).[20] With that motion, Defendants say that Plaintiff should be judicially estopped from pursuing this claim because he did not list the copyright or this lawsuit in his and his wife's bankruptcy petition.[21] Permanent General also filed an answer and counterclaim; they seek a declaratory judgment that Mowder does not own the copyright to the character.[22]

On March 1, 2013, Plaintiff notified the Court that he and his wife had moved on February 22, 2013, to reopen their bankruptcy petition.[23] On February 27, 2013, the bankruptcy court reopened the petition and reappointed Satija as trustee of the estate.[24]

On August 20, 2013, Trustee Satija moved to reopen the case and to substitute himself as the

---

[15] Doc. 1-2.
[16] *Id.*
[17] Doc. 1.
[18] *Id.* at 12.
[19] *Id.* at 13.
[20] Doc. 21. Neither Plaintiff Mowder nor Trustee Satija have filed an opposition to this motion. However, Trustee Satija's subsequent motion to deny the motion to dismiss presents his arguments in opposition to the motion.
[21] Doc. 21-1.
[22] Doc. 22.
[23] Doc. 24.
[24] *Id.*

Case No. 1:13-CV-00082
Gwin, J.

real party in interest.[25] Satija also moved for the Court to deny Permanent General's previously filed motion to dismiss because he says that he should not be judicially estopped by Mowder's representations to the bankruptcy court when the bankruptcy trustee brings or prosecutes the suit.[26] With the bankruptcy court's approval, Trustee Satija retained Plaintiff Mowder's counsel as the estate's counsel to prosecute this case.[27] Permanent General objected to counsel's retention on the grounds that there would be a conflict of interest, but the bankruptcy court overruled their objection.[28] On September 3, 2013, this Court granted the Trustee's motion to reopen this case and to substitute the Trustee as the real party in interest and ordered the Trustee to answer Permanent General's counterclaim.[29]

On September 6, 2013, Permanent General filed two motions. They first moved to disqualify the Trustee's counsel; Defendants say a conflict of interest exists because of counsel's representation of Plaintiff Mowder.[30] They also moved for judgment on the pleadings because they say that the Trustee does not possess a valid copyright registration, a prerequisite to bringing a copyright infringement claim.[31]

These four motions are now ripe for decision.

---

[25] Doc. 26.

[26] Doc. 27. On September 6, 2013, Permanent General filed a memorandum in opposition. Doc. 31. On September 16, 2013, Trustee Satija filed a reply in support of his motion. Doc. 32.

[27] Doc. 30-2 at 7, 36-37.

[28] *Id.* at 13-20, 30-37.

[29] Doc. 28. On September 23, 2013, Trustee Satija filed an answer to the counterclaim. Doc. 33.

[30] Doc. 29. On September 23, 2013, Trustee Satija filed a memorandum in opposition. Doc. 34. On October 3, 2013, Permanent General filed a reply in support of their motion. Doc. 37.

[31] Doc. 30. On October 9, 2013, Trustee Satija filed a memorandum in opposition. Doc. 38. On October 28, 2013, Permanent General filed a reply in support of their motion. Doc. 43.

Case No. 1:13-CV-00082
Gwin, J.

## II. Defendants' Motion to Dismiss

**A.  Legal Standard**

Defendants moved to dismiss this case on the ground of judicial estoppel. "Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment."[32] "The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'"[33] "[T]he doctrine of judicial estoppel 'is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement.'"[34]

**B.  Analysis**

Defendants say that Plaintiff Mowder did not claim ownership of the copyright or the right to bring this lawsuit in his bankruptcy petition.[35] Defendants say that because he took a contrary position in his bankruptcy petition to the one he takes now, he should be estopped from prosecuting this lawsuit.[36]

Now that Plaintiff Mowder is no longer the real party in interest and the Mowder estate would recover on any judgment, Defendants' argument fails. The Sixth Circuit has held that a

---

[32] *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990).
[33] *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne*, 911 F.3d at 1218).
[34] *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2008) (quoting *Teledyne*, 911 F.3d at 1218).
[35] Doc. 21-1 at 2-3.
[36] *Id.* at 5-7.

Case No. 1:13-CV-00082
Gwin, J.

bankrupt plaintiff's "failure to disclose his claims [in his bankruptcy petition] does not bar the trustee from pursuing them."[37/] The fact that Plaintiff Mowder might receive a portion of any award Trustee Satija could win initial petition does not mean that this case should be dismissed. Accordingly, the Court **DENIES** Permanent General's motion to dismiss. The Court also **DENIES** Trustee Satija's motion to deny the motion to dismiss because it is moot.

### III. Defendants' Motion for Judgment on the Pleadings

**A.**     **Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[38/] On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court uses the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[39/]

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[40/] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[41/]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled

---

[37/] *Stephenson v. Malloy*, 700 F.3d 265, 272 (6th Cir. 2012); *see also Reed v. City of Arlington*, 650 F.3d 571, 572 (5th Cir. 2011) (en banc) ("The question before the en banc court is whether judicial estoppel bars a blameless bankruptcy trustee from pursuing a judgment that the debtor—having concealed the judgment during bankruptcy—is himself estopped from pursing. We hold that it does not.")

[38/] Fed. R. Civ. P. 12(c).

[39/] *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

[40/] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

[41/] *Id.*

Case No. 1:13-CV-00082
Gwin, J.

to relief."[42] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[43] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[44]

**B.    Analysis**

Permanent General says that neither the Trustee nor Plaintiff holds a valid copyright registration because Plaintiff stated on his application to the Copyright Office that he owned the copyright, when his bankruptcy estate owned the copyright.[45] That misstatement, according to Defendants, is a "material misstatement that invalidates the registration."[46] Arguing that possession of a valid copyright registration is a prerequisite to bringing an infringement claim, Defendants say the case must be dismissed.[47]

In support of this argument, Defendants cite *Kunkel v. Jasin* from the Third Circuit.[48] In *Kunkel*, the plaintiff filed copyright registrations during a bankruptcy that listed himself as the owner, not his bankruptcy estate.[49] The Third Circuit held that each of the registrations was invalid "[b]ecause the bankruptcy estate, not Kunkel, owned the designs at the time that Kunkel registered

---

[42] Fed. R. Civ. P. 8(a)(2).
[43] *Iqbal*, 556 U.S. at 678–79 (citations omitted).
[44] *Id.*
[45] Doc. 30-1 at 6.
[46] *Id.* at 7.
[47] *Id.* at 8.
[48] 420 F. App'x 198 (3d Cir. 2011) (per curiam).
[49] *Id.* at 200.

Case No. 1:13-CV-00082
Gwin, J.

them with the Copyright Office."[50] Without a valid registration, the Third Circuit affirmed the grant of summary judgment to the defendant for the plaintiff's infringement claims.[51]

Title 17 United States Code section 411(b) states that a copyright registration is valid "regardless of whether the certificate contains any inaccurate information" unless the applicant knew that the information was inaccurate and "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse the registration."[52]

First, reading the pleadings most favorably to the Trustee, there is no indication that Mowder knew that he technically did not own the copyright when he filed his application. Permanent General does not even suggest in their motion that Plaintiff Mowder knew he did not own the copyright when he filed his application. *Kunkel v. Jasin* is, therefore, distinguishable: in that case, the defendant moved for summary judgment, not a judgment on the pleadings when all inferences are based solely on the pleadings.[53] Accordingly, under 17 U.S.C. § 411(b), the mistake on the copyright registration does not invalidate the registration.

Moreover, even if the pleadings did show that Mowder knew he did not own the copyright, Permanent General makes no showing that this technical misstatement was material. It is unclear why the Copyright Office would care whether Mowder owned the copyright or his bankruptcy estate owned the copyright. Although the Third Circuit has held differently, that decision is not binding on this Court, nor is it persuasive on this issue. The *Kunkel* Court did not explain why the Copyright Office would deny a registration if the Copyright Office knew that the estate, not the individual,

---

[50] *Id.*
[51] *Id.* at 200-01.
[52] 17 U.S.C. § 411(b).
[53] *See* 420 F. App'x at 199.

Case No. 1:13-CV-00082
Gwin, J.

owned the copyright; the court merely asserted that the error was material.[54] The only support for this assertion was another Third Circuit decision which held that a misstatement of the *type of work* to be copyrighted—such as a song or video—was a material misstatement.[55] This does not show that the error in this case—naming the individual as the owner instead of his bankruptcy estate—was material. Therefore, Permanent General has not shown that even if there were a knowing misstatement, that misstatement was material.

There is no basis at this time to find that the copyright registration is invalid. The Court, therefore, **DENIES** the motion for judgment on the pleadings.

### IV. Defendants' Motion to Disqualify Trustee's Counsel

**A.    Legal Standard**

A conflict of interest between current clients exists if the representation of one client will be directly adverse to another client or if there is a substantial risk that the lawyer's counsel to one client will be materially limited by responsibilities to another client.[56] If a conflict exists, a lawyer must not represent either client unless (1) the lawyer will be able to give competent and diligent representation to each client, (2) both clients give informed consent confirmed in writing, (3) the representation is not prohibited by law, and (4) the representation does not involve the assertion of

---

[54]/*See id.* at 200.

[55]/*Id.* (citing *Raquel v. Educ. Mgmt. Corp.*, 196, F.3d 171, 177 (3d Cir. 1999), *cert. granted and judgment vacated on other grounds*, 531 U.S. 952 (2000), (holding that when a registration "identifies the work as an audiovisual work" rather than "a song," the misstatement is material)). The court stated earlier in its opinion that only the owner of a copyright may register the copyright. *Id.* at 199 (citing 17 U.S.C. § 408(a)). However, this requirement seems to fall under § 411(b), which saves inaccurate registrations as long as the error was not knowing and material. 17 U.S.C. § 411(b). The fact that another person owns a copyright in many circumstances is clearly material, but when the actual owner of a copyright is the registrant's bankruptcy estate, it is far from clear that the error is material.

[56]/Ohio Rules of Prof'l Conduct R. 1.7(a).

-9-

Case No. 1:13-CV-00082
Gwin, J.

a claim by one client against another in the same proceeding.[57]

**B.    Analysis**

To show that the Trustee's counsel should be disqualified because of counsel's representation of Plaintiff Mowder, Permanent General must show some sort of adverse interest between the Trustee and Plaintiff or a substantial risk of materially limited representation to one or the other.

Permanent General identifies four possible sources of such a conflict: the judicial estoppel question, the copyright registration question, a claim for attorney's fees, and the "inherent adversity of interest" between Mowder and Trustee Satija.[58]

This Court has already found that Permanent General's arguments regarding judicial estoppel and the copyright registration lose. This Court does not need to decide the judicial estoppel question because Trustee Satija is now the real party in interest. And Permanent General has provided no evidence to show that Mowder made a knowing and material misstatement on his copyright application. Therefore, these two issues do not produce a conflict requiring disqualification of counsel.

Defendants' claim for attorney's fees also does not create a conflict of interest between Mowder and Trustee Satija because the Trustee is prosecuting this lawsuit and any claim for attorney's fees will be against the estate.

Finally, the other possible conflicts between Plaintiff and the Trustee are issues for the bankruptcy court, not concerns for this Court. Trustee Satija and Plaintiff Mowder have different

---

[57] *Id.* at R. 1.7(b)-(c). The parties dispute whether Plaintiff Mowder is a current client of counsel or a former client of counsel. The legal standard for current conflicts is more stringent than the standard for former clients. *Compare id.* at R. 1.7, *with id.* at R. 1.9. Because the Court finds that there is no conflict of interest under the more stringent current client standard, the Court need not address whether Plaintiff is a current or former client at this time.

[58] Doc. 29-1 at 8-15.

-10-

Case No. 1:13-CV-00082
Gwin, J.

interests. Because unsecured creditors must be made whole before Mowder receives anything, Mowder will oppose any settlement even where the settlement would fully satisfy unsecured creditor claims. And because creditors do not share in any recovery beyond their claims, creditors bear all the risk, and none of the potential reward, in continuing litigation after a settlement is offered. Mowder's attorney seems to have obvious divided loyalties.

Despite this apparent conflict, the bankruptcy court approved the Trustee using Mowder's counsel. The bankruptcy court has already decided to allow counsel's representation despite Permanent General's objection.[59] While this Court questions this appointment, the bankruptcy court controls this call.

For these reasons, the purported conflicts that Permanent General identifies are insufficient for the Court to disqualify the Trustee's counsel. Therefore, the Court **DENIES** the motion to disqualify counsel.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motions to dismiss, for judgment

---

[59] Doc. 30-2 at 30-37. The bankruptcy court also stated that because Trustee Satija had only been able to retain present counsel to take the case after a diligent search, "basically, I'm faced with the situation that if I don't allow [counsel] to represent the trustee, then the one that could really reap a windfall would be Permanent General, at the expense of creditors of the estate." *Id.* at 34.

-11-

Case No. 1:13-CV-00082
Gwin, J.

on the pleadings, and to disqualify the Trustee's counsel and **DENIES AS MOOT** the Trustee's motion to deny the motion to dismiss.

      IT IS SO ORDERED


Dated: October 31, 2013                      s/ *James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE