UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

RON SATIJA, Trustee of the Bankruptcy : CASE NO. 1:13-CV-00082
Estate of David Mowder and Heather :
Lynette Mowder, :
:
      Plaintiff, :
:
  v. : OPINION & ORDER
: [Resolving Doc. 75]
PERMANENT GENERAL ASSURANCE :
CORPORATION OF OHIO *et al.*, :
:
      Defendants. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this copyright action, the Court previously ordered David Mowder to comply with a subpoena issued by Defendants[1], collectively referred to as Permanent General.[2] Defendants now move this Court to issue an order to show cause why David Mowder should not be held in contempt of the Court's order.[3]

Apparently, David Mowder has informed Plaintiff Satija that he has no documents responsive to the subpoena, and Plaintiff Satija has communicated Mowder's response to Defendants.[4]

Defendants say that Mowder previously testified in his deposition that certain documents

---

[1] The complete list of Defendants is Permanent General Companies, Inc., Permanent General Assurance Corporation of Ohio, Permanent General Assurance Corporation, PGA Service Corporation, PGC Holdings Corp., General Automobile Insurance Company, Inc., General Automobile Insurance Services of Ohio, Inc., General Automobile Insurance Services, Inc., General Automobile Insurance Services of Texas, Inc., General Automobile Insurance Services of Louisiana, Inc., and General Automobile Insurance Services of Georgia, Inc.

[2] Doc. 68.
[3] Doc. 75.
[4] *Id.* at 1.

Case No. 1:13-CV-00082
Gwin, J.

responsive to the subpoena exist.[5/] Defendants ask the Court to order Mowder to appear for a hearing on the record and to answer questions about the existence of the documents and his efforts to comply with the subpoena.[6/]

A hearing in open court is unnecessary for Permanent General to ask Mowder questions about the possible inconsistencies between his deposition testimony and his response to the subpoena.

The Court grants Permanent General sixty minutes of deposition time to reopen Mowder's deposition and to question him about the existence of the documents requested in the subpoena and his efforts to comply with the subpoena. Having already deposed Mowder, the continued examination shall cover no topic other than testimony regarding the document production and regarding the topics that the documents deal with.

The subpoena's proof of service suggests that Mowder now lives in Sheffield Lake, Ohio.[7/] Permanent General must take Mowder's deposition within 20 miles of Mowder's current residence.

IT IS SO ORDERED


Dated: April 8, 2014              s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[5/] *Id. See e.g.*, Doc. 67-5, Mowder Dep. at 18:18-19:19:15 (testifying that Mowder possesses a CD with his design business's name on it); Doc. 67-4 (subpoena) at 6-7 (requesting a variety of documents and records of the design business).

[6/] Doc. 75 at 2.

[7/] Doc. 67-4 at 3.