UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| RON SATIJA, Trustee of the Bankruptcy Estate of David Mowder and Heather Lynette Mowder, | : : : : | CASE NO. 1:13-CV-00082 |
| Plaintiff, | : : | |
| v. | : : | ORDER [Resolving Docs. 86 & 89] |
| PERMANENT GENERAL ASSURANCE CORPORATION OF OHIO *et al.*, | : : : | |
| Defendants. | : : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case with a trial scheduled for April 28, 2014, the Court has received two discovery-related motions.

First, Plaintiff Ron Satija moves this Court to extend the Court's discovery deadline to allow for the Estate to obtain documents from an investigative service hired by Defendants to interview a potential witness in this case.[1] The Plaintiff says that Defendants agreed to supply those documents.[2] Defendants oppose the motion and deny that they offered to produce the documents.[3]

The Court **DENIES** Plaintiff's motion. The Court observes that the involvement of the investigative service is clear from the face of the written statement the witness gave and that Plaintiff received more than two months ago. No good cause exists to continue the discovery deadline.[4]

Second, non-parties Daniel Kelly and American Family Insurance move to quash a subpoena

---

[1] Doc. 86.
[2] *Id.*
[3] Doc. 90.
[4] *See* Fed. R. Civ. P. 16(b)(4). The Court also observes that some of the documents would presumably be covered by the attorney-work product protection. *See* Fed. R. Civ. P. 26(b)(3).

Case No. 1:13-CV-00082
Gwin, J.

served on Kelly by Plaintiff.[5] Kelly and American Family Insurance also move for sanctions.[6] They say that Plaintiff has refused to withdraw the subpoena that he knows is improper.[7]

The Court **GRANTS** the motion to quash. This Court has already denied Plaintiff's motion to extend discovery to allow Plaintiff to take Kelly's deposition.[8] No basis exists to require Kelly to comply with the subpoena and appear for a deposition when no indication exists that he has personal knowledge of the subject matter and when the discovery period has ended.

The Court **DENIES** the motion for sanctions. Although Plaintiff's apparent position on the subpoena is curious to say the least, the Court does not find sanctions are an appropriate penalty here.

IT IS SO ORDERED.


Dated: April 18, 2014
                                    s/         *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[5] Doc. 89.
[6] *Id.*
[7] *Id.* at 4.
[8] Doc. 81.

-2-